# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSPPI
## NORTHERN DIVISION

**CURTAVIOUS SIMPSON AND**                                        **PLAINTIFFS**
**MARCUS LAWSON**

**VS.**                                                     **Civil Action No.** 3:21-cv-818-DPJ-FKB

**HINDS COUNTY, MISSISSIPPI**                                      **DEFENDANT**

*<u>JuryTrial Demanded</u>*

## COMPLAINT
*Jury Trial Demanded*

COMES NOW the Plaintiffs, Curtavious Simpson and Marcus Lawson, and in support of this, their Complaint for damages against the Defendant, Hinds County, Mississippi, respectfully allege the following:

### PARTIES

1. Plaintiffs, Curtavious Simpson and Marcus Lawson, ("Plaintiffs") are adult resident citizens of the State of Mississippi.

2. Defendant, Hinds County, Mississippi, is a political subdivision existing under the laws of the State of Mississippi. It may be served with process by service of the complaint and summons upon the Chancery Clerk of Hinds County, Mississippi,

### JURISDICTION AND VENUE

3. This Court has personal jurisdiction over the parties.

4. Subject matter jurisdiction is appropriate in federal court since a federal question is raised pursuant to 42 U.S.C. §1983 as well as the 8th and 14th Amendments to the United States Constitution.

1

5.      Venue is proper in the United States District Court for the Southern District of Mississippi, Northern Division pursuant to Title 28 U.S.C §1391 as same is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

**FACTS**

6.      Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

7.      Defendant's operation of the facility was regulated and monitored by a federal court consent decree entered in 2016, to address unconstitutional conditions of confinement to include inmate on inmate assault, inadequate security, inmate violence, correctional officer shortages and poor management.

7.      The conditions that existed within the Hinds County Detention Center, Raymond, Mississippi, operated, managed and controlled by Hinds County, Mississippi, before and on April 1, 2019, the date of the subject incident, including an unacceptable degree of gang activity that compromised security and safety that contributed to employee and inmate fraternization, inmate and employee collusion and graft that undermined security and safety; inadequate training and staffing, inadequate supervision, inadequate training and enforcement of core values, failure to perform and enforce standard operating procedures for the safe and efficient prison operations all directed at inmate security and control resulting in prior assaults.

8.      Specifically, the conditions existing at the time of the occurrence included faulty or altered locks, locks that are non-functional or locks that could be opened by certain prisoners at will.  Hinds County supervisors and employees were aware that prisoners had altered the locks on their doors or that the locks were non-functional which allowed prisoners to open or enter doors at a time of their choosing.  Defendant failed to take adequate measures to ensure that the

defective locks or doors were repaired or replaced and failed to ensure that they were examined for effectiveness or being altered.

9. An atmosphere of violence fueled by uncontrolled gang activity spawning the ready availability of drugs, weapons and other contraband that flowed into the prison; and an unabated level of gang activity that undermined effective institutional control of the facility. Hinds County supervisors and employees were aware of such illicit activity and colluded with prisoners to facilitate such activity or simply ignored the illicit practices. Hinds County failed to implement reasonable and achievable policies to reduce gang activity and its foreseeable consequences despite its knowledge that such an unreasonable risk of harm existed due to gang activity or applied such measures or half-measures with negligence, gross negligence and/or deliberate indifference.

10. Hinds County supervisors and its employees failed to conduct adequate and legitimate inspections of prisoner cells and belongings for contraband. Hinds County employees would either ignore contraband if stumbled upon, or simply ignore it and not report it due to collusion or fear of retaliation.

11. On April 1, 2019, Plaintiffs were prisoners housed at Hinds County Detention Center, Raymond, Mississippi.

12. On April 1, 2019, a group of inmates who were not locked in their cells, initiated an inmate on inmate attack or fight as a consequence of failure to protect other inmates to include the Plaintiffs.

13. The group of inmates as referenced hereinabove let other inmates out of their cells to participate in the fight and were able to leave their cells through the other means of escape.

14. At all pertinent times herein after the Defendant had actual notice of the events leading up to the disturbance, riot and assault in question, its response to both were inadequate to prevent the disturbance, quell the riot or restore order.

15. The assault upon the Plaintiff continued for an extended period of time resulting in further injury while the prison guards failed to restore order and security.

16. Said incident caused cognizable injuries to Plaintiffs.

## CAUSE OF ACTION
### §1983 Causes of Action

17. Plaintiff incorporates the preceding paragraphs as if full rewritten herein.

18. By and through Defendant's deliberate indifference to the safety of the Plaintiffs and other inmates on the date of the occurrence, and the establishment of customs, policies and practices which created unconstitutional conditions of confinement, Defendants violated the clearly established constitutional rights of the Plaintiff, including but not limited to:

   (a)   Cruel and unusual punishment under the 8th and 14th Amendments;

   (b)   Plaintiff's right not to be deprived of liberty without due process of law;

   (c)   Plaintiff's right to be safe and protected from injuries while in Defendants' custody;

   (d)   Plaintiff's right to be protected by the prison officials and guards while under their control; and

   (e)   Plaintiff's right to be free from excessive and unreasonable force.

19. As a direct and foreseeable result of Defendant's actions and omissions, Plaintiff suffered damages including but not limited to, severe physical injuries, past, present and future medical expenses, emotional, distress, mental pain and suffering, permanent impairment and disability.

20.     Defendants, in their official capacities, established customs, policies and practices which directly and proximately caused the deprivation of the Plaintiff's constitutional rights as alleged herein.  By their policies and practices described herein, Defendants subjected the Plaintiff to substantial risk of harm by failing to protect from violence, ignoring by act or omission, emergency situations, and enabling violent attack on the Plaintiff.  These policies and practices were implemented by the Defendants and their agents, officials, employees and all persons acting in concert with them under color of state law, in their official capacities, and are the cause of the Plaintiff's deprivation of rights secured by the United States Constitution under the Eighth and Fourteenth Amendments and federal law.  Defendants were deliberately indifferent to the safety of the Plaintiff and other WGCF inmates.

21.     Defendants were aware of all the deprivations complained of herein, and have condoned or were deliberately indifferent to such conduct.

22.     These policies created unconstitutional conditions of confinement.

23.     Such unwritten policies, customs and practices include but are not limited to the following:

    (a)     Inadequate and improper planning and training, including but not limited to emergency response planning and training, supervision and discipline of Hinds County correctional officers;

    (b)     Inadequate and improper procedures and practices in screening, hiring, training, supervising and disciplining officers who practice, condone or permit inmate on inmate assaults upon Hinds County inmates, including the Plaintiffs in violation of their constitutional rights;

  (c) Inadequate and improper procedures, policies and practices for investigating improper activities by Hinds County correctional officers either through offender complaints of misconduct or through internally-initiated complaints or investigations;

  (d) Inadequate or improper procedures, policies and practices for identifying and taking appropriate action against Hinds County correctional officers who are in need of retraining, corrective measure, reassignment, or other non-disciplinary actions through a positive or early warning system designed to prevent the violation of inmates' rights.

  (e) Failing to prevent and/or investigate allegations of improper relationships between Hinds County correctional officers and Hinds County inmates which directly led to the subject assault; and

  (f) Failing to adequately staff the facility with trained and qualified guards and allowing the prison to be understaffed.

  (g) Failing to supervise, monitor and comply with the contract entered into between the Defendants;

## DAMAGES

24. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

25. As a further direct and proximate cause of Defendants' disregard for Plaintiff's safety and well being and other negligent acts, Plaintiff suffered serious bodily injuries, including but not limited to monetary damages. These damages include, but are not limited to the following:

 a.  past, present and future medical expenses;

b. past, present and future physical pain and suffering;

c. future lost wages and loss of wage earning capacity;

d. permanent disability;

e. past, present and future mental and emotional distress;

f. inconvenience and discomfort and

g. any other relief, which the Court or jury deems just or appropriate based upon the circumstances.

## PUNITIVE DAMAGES

26. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

27. The acts and omissions of the Defendants described herein constitute a willful, wanton, grossly negligent conduct and reckless disregard for the safety of all inmates, including the Plaintiffs, and such acts and omissions constitute gross negligence and evince a complete disregard for the safety of the Plaintiffs that directly caused the Plaintiffs' bodily injuries and other damages, for all of which the Defendants are liable for punitive damages and attorney's fees in an amount to be determined by the jury.

28. Based upon the Defendants' actions and inactions as aforesaid, the Defendant's actions warrant the imposition of punitive damages. Plaintiff seeks punitive damages and punitive damages should be assessed against the Defendant.

## PRAYER FOR RELIEF

Plaintiffs requests a jury trial and seek the following relief:

A. Compensatory damages of from and against the Defendant in an amount to be determined by this Court.

B. Non-pecuniary damages of from and against the Defendant in an amount to be determined by this Court.

C.  Punitive damages of from and against the Defendant in an amount to be determined by this Court.

D.  Attorney's fees under 42 U.S.C. §1988 and all costs of court.

E.  Pre and post judgment interest.

F.  Such other general and special relief as appears reasonable and just in this cause.

        Respectfully submitted,

        CURTAVIOUS SIMPSON
        AND MARCUS LAWSON,
        PLAINTIFFS

        By:    _s/Yancy B. Burns_____
                YANCY B. BURNS (MSB #99128)

OF COUNSEL:

YANCY B. BURNS, Esq. (MS BAR #99128)
***Burns & Associates, PLLC***
Post Office Box 16409
Jackson, Mississippi 39236-6409
Telephone (601) 487-6997
Facsimile (601) 487-6958
Email: yburns@burnsandassociateslaw.com