UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CURTAVIOUS SIMPSON AND                                                                    PLAINTIFFS
MARCUS LAWSON

V.                                                              CIVIL ACTION NO. 3:21-CV-818-DPJ-FKB

HINDS COUNTY, MISSISSIPPI                                                                 DEFENDANT

ORDER

On March 7, 2022, Defendant Hinds County, Mississippi, filed a Motion for Partial Judgment on the Pleadings [9]. The County seeks dismissal of Plaintiffs' excessive-force claim as well as their request for punitive damages. As explained below, its motion is granted.

I.      Factual Allegations and Procedural History

Plaintiffs Curtavious Simpson and Marcus Lawson allege that, on April 1, 2019, while they were pretrial detainees at the Hinds County Detention Center in Raymond, Mississippi, "a group of inmates who were not locked in their cells[] initiated an inmate[-]on[-]inmate attack" on them. Compl. ¶ 12. Plaintiffs filed this lawsuit against the County on December 22, 2021, alleging they were injured in the attack and bringing claims under 42 U.S.C. § 1983.

Reading Plaintiffs' Complaint as alleging claims for (1) excessive force and (2) failure to protect, the County filed its motion for partial judgment on the pleadings on March 7, 2022. Plaintiffs failed to respond, and the time to do so under the local rules has now expired.

II.     Standard

Local Rule 7(b)(3)(E) allows the Court to grant non-dispositive motions as unopposed, but where no opposition is filed to a dispositive motion the Court must consider the motion on the merits. *See Joiner v. Greene Cnty.*, No. 1:19-CV-14-HSO-JCG, 2020 WL 4318764, at *1 (S.D. Miss. July 27, 2020). The standard for deciding a Rule 12(c) motion for judgment on the

pleadings is the same as a Rule 12(b)(6) motion to dismiss. *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). The court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

III.    Analysis

Hinds County says Plaintiffs fail to state an excessive-force claim against it because there is no allegation that a County employee used any force against Plaintiffs. "To prevail on an excessive[-]force claim, a plaintiff must show: (1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005). Plaintiffs fail to allege *any* use of force by a Hinds County official, much less "force that was clearly excessive." *Id.* Hinds County's motion is therefore granted as to the excessive-force claim. That said,

> [A] plaintiff's failure to meet the specific pleading requirements should not automatically or inflexib[l]y result in dismissal of the complaint with prejudice to re-filing. . . . Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so.

*Hart v. Bayer Corp.*, 199 F.2d 239, 247 n.6 (5th Cir. 2000). Plaintiffs' excessive-force claim might be incurable, but, out of caution, the Court dismisses it without prejudice. If appropriate, Plaintiffs may file a motion seeking leave to amend.

As for Plaintiffs' request for punitive damages, Hinds County argues that a plaintiff may not obtain punitive damages from a municipality under § 1983. *See Residents Against Flooding v. Reinvestment Zone Number Seventeen*, 260 F. Supp. 3d 738, 761 (S.D. Tex. 2017) ("[T]oday punitive damages are not recoverable against a municipality in a § 1983 lawsuit absent express

2

authorization by a statute."). The Court agrees. And because Plaintiffs cannot state a claim for punitive damages as a matter of law, the punitive-damages claim will be dismissed with prejudice.

IV.     Conclusion

Hinds County's Motion for Partial Judgment on the Pleadings [9] is granted. The excessive-force claim is dismissed without prejudice, and the claim for punitive damages is dismissed with prejudice. The parties are directed to contact the chambers of United States Magistrate Judge F. Keith Ball within 10 days of the entry of this order to set the case for a case-management conference.

**SO ORDERED AND ADJUDGED** this the 28th day of March, 2022.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE
