UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CURTAVIOUS SIMPSON AND											PLAINTIFFS
MARCUS LAWSON

V.												CIVIL ACTION NO. 3:21-CV-818-DPJ-FKB

HINDS COUNTY, MISSISSIPPI											DEFENDANT

ORDER

Defendant Hinds County seeks judgment on the pleadings on the remaining claims against it in this § 1983 case.  Mot. [15].  As explained below, its motion is denied.

I.     Facts and Procedural History

Plaintiffs Curtavious Simpson and Marcus Lawson were housed as pretrial detainees at the Hinds County Detention Center in Raymond, Mississippi, in April 2019.  They allege that "a group of inmates who were not locked in their cells[] initiated an inmate[-]on[-]inmate attack" in which they were injured.  Compl. [1] ¶ 12.  Plaintiffs filed this lawsuit against Hinds County on December 22, 2021, asserting § 1983 claims for failure to protect and excessive force.

In their Complaint, Plaintiffs note that Hinds County has been under a federal consent decree regarding the conditions at the Hinds County Detention Center since 2016.  They allege that, as a result of the consent decree, Hinds County was aware of problems at the facility

> including an unacceptable degree of gang activity that compromised security and safety [and] that contributed to employee and inmate fraternization, inmate and employee collusion[,] and graft that undermined security and safety; [and] inadequate training and staffing, inadequate supervision, inadequate training and enforcement of core values, [and] failure to perform and enforce standard operating procedures for the safe and efficient prison operations.

*Id.* ¶ 7.  More specifically, they assert that conditions included "faulty or altered locks . . . that could be opened by certain prisoners at will."  *Id.* ¶ 8.  As a result, Plaintiffs say "a group of

inmates who were not locked in their cells, initiated an inmate[-]on[-]inmate attack" causing them serious bodily injury.  *Id.* ¶ 12.

Following dismissal of the excessive-force claims, Hinds County filed this motion for judgment on the pleadings, seeking dismissal of the failure-to-protect claims.  After the Court entered a show-cause order, Plaintiffs responded in opposition to Hinds County's motion; Hinds County then filed a timely reply.

II.     Standard

A motion for judgment on the pleadings "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."  *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Herbert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam)).  "[T]he standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)."  *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015) (quoting *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004)).  To avoid dismissal, a plaintiff must have pleaded "sufficient factual matter . . . to state a claim to relief that is plausible on its face."  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 439 (quoting *Iqbal*, 556 U.S. at 678).

For this inquiry, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)).  But "[w]e do not accept as true conclusory allegations, unwarranted factual

inferences, or legal conclusions." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). The standard "'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

III. Analysis

Plaintiffs assert their failure-to-protect claim under the Due Process Clause. "Pretrial detainees have a constitutional right to . . . protection from harm during their confinement." *Brumfield v. Hollins*, 551 F.3d 322, 327 (5th Cir. 2008). A court addressing a constitutional claim brought by a pretrial detainee "begin[s] by deciding whether to classify the 'challenge as an attack on a "condition of confinement" or as an "episodic act or omission."'" *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 526 (5th Cir. 1999) (quoting *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997) (en banc)). Conditions-of-confinement cases "include such claims as 'where a detainee complains of the number of bunks in a cell or his television or mail privileges.'" *Id.* (quoting *Scott*, 114 F.3d at 53). Episodic-act cases "occur[] 'where the complained-of harm is a particular act or omission of one or more officials.'" *Id.* (quoting *Scott*, 114 F.3d at 53).

Plaintiffs' memorandum does not directly address the question whether this case involves an episodic-act or conditions-of-confinement theory, but their argument suggests they are proceeding on the latter. *E.g.*, Pls.' Mem. [21] at 4 ("This combination of combustible factors— factors that Defendant was aware of and failed to act upon—made the conditions at the Hinds County Detention Center ripe for conflict and inmate[-]on[-]inmate violence."). Hinds County

3

insists that Plaintiffs' failure-to-protect claim is one arising out of an episodic act. Under existing precedent, it appears that Hinds County's argument may be correct.

While Plaintiffs contend that the general conditions at the jail led to their assault, "the actual *harm* of which [they] complain[]" is the assault they say Hinds County failed to protect them from—"an episodic event . . . allegedly caused or permitted by the . . . general conditions" at the jail. *Scott*, 114 F.3d at 53. Plaintiffs "did not suffer from the mere existence of the" allegedly unconstitutional conditions. *Id.*

If Plaintiffs' allegations invoke the episodic-act framework for failure-to-protect claims, then to establish Hinds County's liability, they must "show '(1) that [a] municipal employee violated [their] clearly established constitutional rights with subjective deliberate indifference; and (2) that this violation resulted from a municipal policy or custom adopted and maintained with objective deliberate indifference.'" *Garza v. City of Donna*, 922 F.3d 626, 634 (5th Cir.) (quoting *Brumfield*, 551 F.3d at 331), *cert. denied*, 140 S. Ct. 651 (2019). Hinds County says Plaintiffs failed to allege that any Hinds County employee "had 'subjective knowledge of a substantial risk of serious harm' to the detainee[s] and responded to that risk with deliberate indifference." *Est. of Henson v. Wichita County*, 795 F.3d 456, 463 (5th Cir. 2015) (quoting *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996) (en banc)).

At this stage, the Court is not willing to dismiss the case with prejudice for Plaintiffs' failure to identify a particular Hinds County employee who failed to protect them. The standard under Rule 12(c) "'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d at 587. The factual allegations in the Complaint—including the circumstances surrounding the consent decree (not necessarily the decree itself) and the condition of the

locks—"nudge[ ] their claim across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  The case should proceed to discovery.

That said, Hinds County is free to raise its arguments at the Rule 56 stage.  And, should Plaintiffs wish to pursue a conditions-of-confinement type claim that does not rely on evidence of deliberate indifference on the part of one or more Hinds County employees, they will need to come forward with caselaw supporting their theory of liability at that time.

IV.     Conclusion

The Court has considered all arguments.  Those not addressed would not have changed the outcome.  For the foregoing reasons, Hinds County's Second Motion for Judgment on the Pleadings [15] is denied.

**SO ORDERED AND ADJUDGED** this the 13th day of October, 2022.

s/ *Daniel P. Jordan III*<br>CHIEF UNITED STATES DISTRICT JUDGE